UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KODY A. PADGETT,

        Plaintiff,                  Case No. 1:10-cv-950

v.                                          Honorable Paul L. Maloney

PATRICIA CARUSO et al.,

        Defendants.
                                        /

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Caruso and Welton. The Court will serve the complaint against Defendants Wilson and Groom.

**Discussion**

I. Factual allegations

Plaintiff Kody A. Padgett presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). He sues MDOC Director Patricia Caruso and the following IBC employees: Inspector (unknown) Welton and Correctional Officers (COs) (unknown) Wilson and (unknown) Groom.

Plaintiff is a 23-year-old white prisoner with extensive racially derogatory tattoos. Plaintiff alleges that, on August 14, 2010, he was escorted to Unit 2 of the facility after he disobeyed a direct order to return to his cell. He was placed in the shower stalls to await a mandatory strip search. After about half an hour, Defendant Wilson, an African-American correctional officer, came into the shower and instructed Plaintiff to remove his clothing, informing Plaintiff that he "need[ed] to act like a fucking man and learn that you don't get to choose who you lock in a cell with." (Compl., 3, Page ID #3.) As Plaintiff stripped, his tattoos became visible to Wilson. Wilson made derogatory comments to Plaintiff. Plaintiff responded by calling Wilson a "faggot nigger" who would not have a job if it were not for affirmative action. (Compl., 4, Page ID #4.) At this point, Wilson told Plaintiff to "just wait, I've got something for ya." (*Id.*) Thirty minutes later, Defendants Wilson and Groom returned to the shower stall, cuffed Plaintiff, and began to escort him to a cell. As they turned a corner, Plaintiff saw his property duffle bag sitting on the floor. Without warning, Wilson struck Plaintiff in the face between three and five times. Plaintiff sustained swelling and bruising beneath both eyes. Wilson told Plaintiff he deserved it and that any complaint would be futile as Wilson would be believed over Plaintiff. Groom smiled at Plaintiff as if amused by the

assault. Defendant Groom then handed Plaintiff the strap of his duffle and they continued to the cell. Once at the cell, Wilson used profane language when ordering Plaintiff to lock up.

At about 12:30 a.m. on August 15, 2010, Plaintiff spoke to the third-shift lieutenant about what had happened earlier in the evening. The lieutenant contacted health care, requesting an examination for Plaintiff. The lieutenant also took pictures of the injuries. Nurse Robert Prevo examined Plaintiff and found swelling on Plaintiff's left cheek and bruising under both of his eyes.

Plaintiff initiated a grievance, and his allegations were referred to internal affairs. Defendant Welton was responsible for investigating Plaintiff's complaint. Welton allegedly expressed doubts about Plaintiff's allegations and implied that Plaintiff should drop his charges. Deputy Warden of Housing Thomas Schooley reviewed the videotapes and concluded that any incident must have taken place off-camera.

Plaintiff alleges that, on August 21, 2008, Groom intimidated him by staring at him while he was eating his dinner in the chow hall. The next day, when Defendant Groom opened Plaintiff's cell for his shower, Plaintiff refused to come out, and Groom stated, "[I]f I were you, I wouldn't come out either." In response to Plaintiff's grievance, Groom asked Plaintiff if he thought he was funny and then said, "[D]on't worry, we'll fix your problem." (Compl., 8, Page ID #8.) Plaintiff alleges that, since that time, he has been afraid of being harassed and subjected to retaliation, which has caused him to skip meals and showers to avoid contact with Wilson.

Plaintiff alleges that Wilson's assault violated the Eighth Amendment and that he is being subjected to or threatened with retaliation in violation of the First Amendment. He seeks injunctive relief and compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

Plaintiff fails even to mention Defendant Caruso in the body of his complaint, much less to identify any unconstitutional conduct in which she participated. Plaintiff's claim against

Caruso therefore falls far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, even assuming that Plaintiff intends to allege that Caruso failed adequately to supervise her employees, he fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. As a result, to the extent that Plaintiff intends to allege that Caruso failed to supervise her employees, he nevertheless fails to state a claim.

Similarly, Plaintiff's allegations against Defendant Welton fail to state a claim. To the extent that Plaintiff alleges that Welton deprived him of an unbiased investigation of his claims, he fails to allege the deprivation of a federal right. Plaintiff has no due process right to file a prison grievance or to have his concerns adequately investigated. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054,

at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Welton's failure to conduct an adequate investigation did not deprive Plaintiff of due process. Moreover, Plaintiff fails to allege that Welton personally engaged in any active unconstitutional behavior. As previously discussed, a mere failure to act is insufficient to support a constitutional claim. Section 1983 liability may not be imposed simply because an official denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). For both reasons, Plaintiff fails to state a claim against Welton.

In sum, Plaintiff has failed to allege that Defendants Caruso or Welton engaged in any active unconstitutional behavior. His claims against them therefore will be dismissed. Plaintiff's remaining claims against Defendants Wilson and Groom are sufficient to warrant service of the complaint.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Caruso and Welton will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Wilson and Groom.

An Order consistent with this Opinion will be entered.

Dated: <u>October 18, 2010</u>   /s/ Paul L. Maloney
                                 Paul L. Maloney

Chief United States District Judge