UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KODY PADGETT, #501495, ) | |
|     Plaintiff, ) | |
| ) | No. 1:10-cv-00950 |
| -v- ) | |
| ) | HONORABLE PAUL L. MALONEY |
| UNKNOWN WILSON, ) | |
|     Correctional Officer, and ) | |
| UNKNOWN GROOM, ) | |
|     Correctional Officer, ) | |
| in their personal and official capacities, ) | |
|     Defendant. ) | |
| _____) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Before this court is a Report and Recommendation issued by Magistrate Judge Scoville. (ECF No. 23.)

**I.  BACKGROUND**

Kody Padgett, a state prisoner in the Oaks Correctional Facility, filed the present suit under 42 U.S.C. § 1983, naming as defendants four employees of the Ionia Bellamy Creek Correctional Facility. Mr. Padgett's claims against two of the employees have since been dismissed; only his claims against Residence Unit Officer Ronny Wilson and Residence Unit Officer Nicholas Groom remain. Defendants Wilson and Groom moved for summary judgment on February 11, 2011. (ECF No. 18.) The magistrate judge issued a report recommending that the motion be granted in part and denied in part. The report further recommended that certain of Mr. Padgett's claims be dismissed. (ECF No. 23.)

Plaintiff and Defendant Wilson timely filed objections. (ECF Nos. 24, 26.) Plaintiff also filed a document purporting to be his response to Defendant Wilson's objections. (ECF No. 29.) Pursuant to this court's order, Defendants filed a response to Plaintiff's objections. (ECF No. 31.)

**II.     STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

**III.    DISCUSSION**

*A.     Defendant Groom's Motion for Summary Judgment*

Plaintiff objects to the magistrate's recommendation that Defendant Groom's Motion for Summary Judgment should be granted. In particular, Plaintiff argues that he did in fact submit evidence sufficient to support his claim against Defendant Groom.

Plaintiff's objection is OVERRULED. Plaintiff's objection fails to point to any unconsidered, admissible evidence regarding this claim. It instead merely repeats his complaint's conclusory allegation that Groom had a "reasonable opportunity" to intervene in the alleged attack on Plaintiff, but failed to do so. The magistrate judge adequately surveyed the evidence, including Plaintiff's verified complaint, and correctly determined that Plaintiff had not presented sufficient evidence to support his claim against Defendant Groom. (R&R 12–14.) Plaintiff's arguments

regarding whether Defendant Groom observed any physical contact between Plaintiff and Defendant Wilson are irrelevant to the issue of deliberate indifference on which the magistrate judge based his recommendation.

*B.     Defendant Wilson's Motion for Summary Judgment*

Defendant Wilson objects to the magistrate's recommendation that his Motion for Summary Judgment be denied. Specifically, Defendant Wilson argues that the magistrate, in making his recommendation, improperly weighed the effect of Plaintiff's failure to respond to Defendants' Motion for Summary Judgment and failed to give sufficient weight to evidence presented by Defendant Wilson.

Defendant Wilson's objection is OVERRULED. The magistrate judge's analysis here adequately considered the fact that Plaintiff failed to respond to the Motion for Summary Judgment in light of the fact that Plaintiff's "verified complaint . . . satisfies the burden of the nonmovant to respond," *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001), and that it is considered as his affidavit in opposition to the motion. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). (R&R 10–11.) The magistrate also properly considered the evidence submitted by Defendant Wilson, including the Defendants' affidavits, the video showing the "last seven seconds of his escort," and the critical incident report. (R&R 11–12.)

Further, to the extent that Defendant Wilson objects on the basis that the magistrate improperly failed to consider evidence in support of Defendant Wilson's Motion because that evidence was not in a form that would be admissible at trial (Wilson Obj. 4 ("Furthermore, evidence is not required to be in a form that would be admissible at trial.")), that objection is also OVERRULED. Defendant Wilson does not specifically object on this ground; nor does he pinpoint

3

the portion of the magistrate's R&R to which he may be objecting. He has thus waived this objection. In any case, Wilson makes no argument that this evidence, even if considered, should have changed the magistrate judge's recommendation, and indeed it has little bearing on the issue of whether Plaintiff has put forth sufficient evidence to create a triable issue of fact.

C.     *Defendant Wilson's Claim of Qualified Immunity*

Defendant Wilson objects to the magistrate's recommendation that his Motion for Summary Judgment on the issue of whether he was entitled to qualified immunity be denied. Specifically, Defendant Wilson argues that the magistrate gave improper weight to Plaintiff's verified complaint and that the magistrate failed to place the ultimate burden on Plaintiff to demonstrate that Defendant Wilson is not entitled to qualified immunity.

Defendant Wilson's objection is OVERRULED. As Defendant Wilson notes, "When qualified immunity is analyzed in the context of a summary judgment motion, a court must "determine whether the plaintiff has alleged sufficient facts, *and supported the allegations by sufficient evidence* . . . ." (Wilson Obj. 6.) But rather than the magistrate judge, it is Defendant Wilson, in arguing that Plaintiff "produced no evidence," who fails to give proper weight to the submitted evidence. As discussed above, a verified complaint is to be treated as an affidavit for purposes of summary judgment, and as such it satisfies Plaintiff's burden to respond. The magistrate judge properly considered the contents of Plaintiff's verified complaint, and properly placed the parties' respective burdens, in recommending that Defendant Wilson's motion for summary judgment on this issue should be denied. (R&R 14.)

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. The report and recommendation (ECF No. 23) is **ADOPTED**, over objections, as the opinion of this court;

2. Plaintiff's claims for declaratory and injunctive relief are **DISMISSED** as moot;

3. Plaintiff's claims for damages against Defendants in their official capacity are **DISMISSED WITH PREJUDICE** as barred by state sovereign immunity; and

4. Defendants' Motion for Summary Judgment (ECF No. 18) be **GRANTED** as to Defendant Groom and **DENIED** as to Defendant Wilson.  Plaintiff's claims against Defendant Groom are **DISMISSED WITH PREJUDICE**.

Date:   October 4, 2011                                        /s/ Paul L. Maloney
                                                                                             Paul L. Maloney
                                                                                             Chief United States District Judge